Emily C. Pera, Esq. (Bar No. 290445)
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 340
Irvine, California 92614
Telephone:  (949) 862-4585
Facsimile:   (901) 492-5641
Email:  emily.pera@fedex.com

Attorney for Defendant, FEDERAL
EXPRESS CORPORATION

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA-SACRAMENTO

| | |
|---|---|
| SCOTT HILL,<br><br>                    Plaintiff,<br>      v.<br><br>FEDERAL EXPRESS and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 16-1520<br><br>(Sacramento County Superior Court Case No. 34-2016-00203562)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint Filed:  November 17, 2016<br>Trial Date: |

TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN

DISTRICT OF CALIFORNIA, AND TO PLAINTIFF SCOTT HILL:

PLEASE TAKE NOTICE that Defendant Federal Express Corporation (FedEx)

removes this action from the Sacramento County Superior Court of the State of

California to the United States District Court for the Eastern District of California, on

the following grounds:

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1196399                                        1                              Case No. 16-1520
NOTICE OF REMOVAL OF CIVIL ACTION

## INTRODUCTION

FedEx is incorporated in the State of Delaware and its worldwide headquarters and principal place of business are in Memphis, Tennessee. (Declaration of Shahram A. Eslami ("Eslami Decl.") at ¶ 3 (attached hereto as **Exhibit "E"**).) In his Complaint, Plaintiff's allegations reveal he is citizen of the state of California. (Compl. at ¶ 1 (attached hereto as **Exhibit "B"**).)

Plaintiff is seeking more than $75,000.00 in damages, plus attorney's fees, which means the minimum amount in controversy is met in this matter. (Declaration of Emily C. Pera ("Pera Decl."), ¶¶ 5, 6 (attached hereto as **Exhibit "F"**);  Declaration of Julia Stumpf ("Stumpf Decl."), at ¶ 5 (attached hereto as **Exhibit "G"**).)  Accordingly, this Court has jurisdiction over this action because complete diversity exists under 28 U.S.C. § 1332, the requirements of 28 U.S.C. § 1441(b) have been met, and the requisite amount in controversy exists. Since FedEx was served on November 23, 2016, this case is being timely removed within thirty (30) days of service of the Complaint as required by 28 U.S.C. § 1446(b).

## THE STATE COURT ACTION

1. On November 17, 2016, Plaintiff filed an action against FedEx entitled "Scott Hill v. Federal Express and DOES 1-10" in Sacramento County Superior Court, Case No. 34-2016-00203562 ("Complaint" or "State Court Action").

2. Plaintiff served FedEx's agent for service of process, CT Corporation, with a copy of the Summons and Complaint, and other case-related documents, on November 23, 2016. (A true and correct copy of the Service of Process Transmittal form from CT Corporation is attached hereto as **Exhibit "A"**; true and correct copies of the Summons, Complaint, and Notice of Case Management Conference are attached hereto as **Exhibit "B"**).

3. On December 19, 2016, FedEx timely filed and served its Answer to Plaintiff's Complaint in the Sacramento County Superior Court. (A true and correct copy of FedEx's state court Answer is attached hereto as **Exhibit "C"**).

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1196399    2    Case No. 16-1520
NOTICE OF REMOVAL OF CIVIL ACTION

4.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure, as FedEx was served with the Complaint no more than thirty (30) days before the filing of this Notice.

5.    In the Complaint, Plaintiff alleges the following causes of action: (1) Age Discrimination by Employer in Violation of California Code §12941; (2) Breach of Implied Employment Contract; (3) Breach of Implied Agreement Not to Terminate Except for Good Cause; and (4) Breach of Implied Covenant of Good Faith and Fair Dealing.

6.    In the Complaint, Plaintiff seeks general and special damages, past and future wages and benefits, consequential and incidental damages, punitive damages, costs and attorney fees, and such other relief as the Court deems proper. (Compl. ¶¶ 19-21, 29-30, 48-49, Prayer for Relief).

7.    Attached hereto as **Exhibits "B" and "C"** constitute all of the documents received or filed by FedEx in the State Court Action.

8.    FedEx will promptly file in Sacramento County Superior Court its Notice to State Court and All Parties of Removal of Civil Action to Federal Court. (A true and correct copy of the Notice to State Court and All Parties of Removal of Civil Action to Federal Court, without its accompanying exhibits, is attached hereto as **Exhibit "D"**).

## COMPLETE DIVERSITY EXISTS
## BETWEEN PLAINTIFF AND FEDEX

9.    Based on the allegations in the Complaint, Plaintiff is a citizen of California by the virtue of the fact he lives, resides and/or works in California and has at all material times at issue in the Complaint. (Compl. at ¶ 1; Stumpf Decl. at ¶¶ 3,4).

10.    FedEx is a citizen of the states of Delaware and Tennessee. FedEx was incorporated in Delaware in 1971. Since 1973, FedEx's headquarters and principal place of business have been located in Memphis, Tennessee. (Eslami Decl. at ¶ 3).

11.    The majority of Federal Express Corporation's high level officers, including the President and Chief Executive Officer, Chief Operating Officer, Chief

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1196399                                3                     Case No. 16-1520
NOTICE OF REMOVAL OF CIVIL ACTION

Financial Officer, its General Counsel and Chief Human Resources Officer, work at the Memphis world headquarters. (Eslami Decl. at ¶ 3).

12.    Indeed, FedEx performs the vast majority of its executive and administrative functions at its world headquarters in Memphis. (Eslami Decl. at ¶ 3).

13.    If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. (28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, No. 08-1107, 2010 U.S. LEXIS 1897, at *9, 130 S. Ct. 1181, 1186 (2010) ("we conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities").)  Accordingly, FedEx is (and was at the time of the filing of the Complaint) a citizen of the states of Delaware and Tennessee.

14.    FedEx conducts business throughout the United States and the world. (Eslami Decl. at ¶ 4). FedEx does not perform a "substantial predominance" of business operations in any single state. Thus, the "nerve test" should be used to determine its principal place of business. *See Hertz Corp.*, 130 S. Ct. at 1186; *Montrose Chem. v. Amer. Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions); *Tosco Corp. v. Cmtys for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001).  As set forth above, the majority of FedEx's high-level work is performed at the Memphis world headquarters. (Eslami Decl. at ¶ 3). Accordingly, under the nerve center test, FedEx is a citizen of Delaware and Tennessee.

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1196399                                    4                          Case No. 16-1520
NOTICE OF REMOVAL OF CIVIL ACTION

## THE AMOUNT IN CONTROVERSY EXCEEDS
## THE $75,000 JURISDICTIONAL MINIMUM

15.     Plaintiff seeks recovery of general and special damages, past and future wages and benefits, consequential and incidental damages, costs and fees, and other appropriate relief. When all of Plaintiff's claims are considered, the jurisdictional minimum is met.

16.     In his Complaint, Plaintiff seeks recovery of emotional distress and mental anguish, losses in earnings, work opportunities, employment benefits and other out of pocket expenses; he also seeks interest on his damages, and reasonable attorney's fees and costs of suit. (*See* Complaint, ¶¶ 19-21, 29-30, 48-49, Prayer for Relief.) The Complaint contemplates an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

17.     The amount of Plaintiff's lost earnings since his termination are estimated to be $36,185.91, calculated by taking the difference in pay between the $37,365.68, which Plaintiff earned in 2016 (up to the date of his termination) and the $73,551.59, which Plaintiff earned in 2015. (**Exhibit "3"** to Stumpf Declaration.)

18.     If Plaintiff prevails on his claims, he intends to seek back pay as well as future lost earnings, among other damages. The amount in controversy clearly exceeds $75,000.00 because Plaintiff, who claims he has lost and continues to lose earnings, earned $73,551.59 in 2015, his last full year employed with Defendant; thus, accepting Plaintiff's allegation as true, he has lost income of approximately $36,185.91 as of the time of this removal and will continue to lose income through trial. The fact that Plaintiff also seeks compensatory, consequential and incidental damages places his total amount of damages sought well beyond the $75,000.00 amount in controversy threshold. Additionally, Plaintiff's attorney fees alone will exceed $75,000.00 if the case is litigated through trial. (Compl., ¶¶19-21, 29-30, 48-49, Prayer for Relief; Stumpf Decl. ¶ 5; Pera Decl., ¶¶ 4, 5, 6).

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1196399                                    5                        Case No. 16-1520
NOTICE OF REMOVAL OF CIVIL ACTION

19.    Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish it is more probable than not plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-861 (9th Cir. 1996). In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount. *Bank of Cal. v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972). Defense counsel's testimony itemizing the bases for a plaintiff's damages claims has been held sufficient to establish the jurisdictional minimum for diversity jurisdiction. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 160-161 (6th Cir. 1993).

20.    In determining whether the amount in controversy exceeds $75,000, the Court must presume Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 993, 1001 (C.D. Cal. 2002) (*citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated")). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. C*ohn v. Petsmart*, *Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407, n.3, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969)).

21.    Plaintiff seeks attorney fees. (Compl., ¶¶ 19-21, 29-30, 48-49, prayer for relief). The Court may take judicial notice of attorney fee awards in similar cases. Cases within the Ninth Circuit firmly establish that statutory attorney fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt G/S,* 142 F.3d at 1155-56. Attorney fees are calculable beyond the time of removal. *Simmons v. PCR Tec.*, 209 F. Supp. 2d 1029, 1035 (2002). In 2013, the Superior Court of Sacramento County awarded a single plaintiff $367,378.50 in attorney fees under

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1196399                                    6                          Case No. 16-1520
NOTICE OF REMOVAL OF CIVIL ACTION

the Fair Employment and Housing Act on a claim for wrongful termination and discrimination. *Angel v. Sutter Health et al*, case number 34-2009-00055279. Similarly, in 2012, the Orange County Superior Court awarded a single plaintiff $295,535.50 in attorney fees under the Fair Employment and Housing Act on a claim for discrimination and failure to accommodate. *Vargas v. City of Long Beach*, case number 30-2009-00126342. Based on defense counsel's 12-plus years of experience litigating employment claims, counsel believes the attorney fee exposure alone exceeds $75,000. (Pera Decl., at ¶ 6).

22. Plaintiff seeks punitive damages (Compl. ¶ 20, 30). Punitive damages are also included in calculating the amount in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994).

23. Although Federal Express Corporation vigorously denies Plaintiff's allegations, if he prevailed and established the requirements of California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. "To assess the amount of punitive damages that is appropriate in a given case, the court considers the nature of the defendant's wrongdoing, the amount of compensatory damages, and the wealth of the particular defendant." *Am. Gen. Life & Accident Ins. Co. v. Findley*, No. 12-01753, 2013 U.S. Dist. LEXIS 41644, 48-49 (C.D. Cal. Mar. 15, 2013). The potential punitive damage award alone, against a defendant such as Federal Express Corporation, may satisfy the amount in controversy requirement. In *Aucina v. Amoco Oil Co.,* the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted the defendant was a Fortune 500 Company and that because the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct the plaintiff's claim for punitive damages might alone exceed the jurisdictional minimum. *Aucina*, 871 F.Supp. at 334.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1196399                                  7                          Case No. 16-1520
NOTICE OF REMOVAL OF CIVIL ACTION

24.    Based on the allegations, information, evidence, and case law set forth above, FedEx is entitled to remove this case to federal court pursuant to 28 U.S.C. § 1441(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Pera Decl. at ¶¶ 4, 5, 6).

## REMOVAL IS TIMELY

25.    The 30-day removal period starts to run when the party seeking to remove receives a "paper from which it may first be ascertained that the case is…removable." (28 U.S.C. § 1446 (b).)  This action is being removed within 30 days of the date of service of the Complaint - November 23, 2016 - when Plaintiff served the agent for FedEx with a copy of the Summons and Complaint. (Pera Decl. at ¶ 2). Accordingly, removal of this action on December 23, 2016, is timely.

## CONCLUSION

26.    Because this civil action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction over it, and FedEx may remove the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(b). Accordingly, FedEx respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED:  December 21, 2016          Respectfully submitted,


By: */s/ Emily C. Pera*
     Emily C. Pera, Esq.
     Attorney for Defendant,
     FEDERAL EXPRESS CORPORATION

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1196399                          8                          Case No. 16-1520
NOTICE OF REMOVAL OF CIVIL ACTION

INDEX OF EXHIBITS

EXHIBIT "A"                Service of Process Transmittal form from CT Corporation (Served on November 23, 2016)

EXHIBIT "B"                Summons, Complaint, and Notice of Case Management Conference

EXHIBIT "C"                Answer to Complaint

EXHIBIT "D"                Notice to State Court of Removal

EXHIBIT "E"                Declaration of Shahram A. Eslami

EXHIBIT "F"                Declaration of Emily C. Pera

EXHIBIT "G"                Declaration of Julia Stumpf

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1196399                                        9                                    Case No. 16-1520
NOTICE OF REMOVAL OF CIVIL ACTION